Sichenzia Ross Friedman Ference LLP
Richard J. Babnick Jr., Esq. (RB-3374)
Michael H. Ference, Esq. (MF-7600)
61 Broadway, 32nd Floor
New York, New York 10006
Telephone: (212) 930-9700
Facsimile: (212) 390-9725
Email: rbabnick@srff.com
       mference@srff.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
STEVEN KRASNER, et al.,                  :
                                         :       No. 7:11-cv-04092-VB
                    Plaintiffs,          :
                                         :       Honorable Vincent L. Briccetti
        v.                               :
                                         :
RAHFCO FUNDS LP, et al.,                 :
                                         :
                    Defendants.          :
------------------------------------------------------------x

**DEFENDANTS VINCENT PUMA AND HUDSON PARTNERS NYC, LLC'S
MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS
THE COMPLAINT PURSUANT TO FED. R. CIV. P. 9(b) AND 12(b)(6)**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................................ ii

THE ALLEGATIONS AND CLAIMS .........................................................................................1

ARGUMENT...................................................................................................................................4

    I.     The Court Must Dismiss the Section 17(a) and 17(b) Securities Act
          Claims Because No Private Right of Action Exists Thereunder .............................5

    II.    The Court Must Dismiss the Section 15(a) Exchange Act
          Claims Because No Private Right of Action Exists Thereunder .............................6

    III.   The Court Must Dismiss the Section 206 Advisor Act
          Claims Because No Private Right of Action Exists Thereunder .............................7

    IV.   The Court Must Dismiss the Section 10(b) Exchange Act Claim Against
          Mr. Puma and Hudson Partners Because the Claim Lacks the Requisite
          Degree of Particularity and Fails to State a Claim as to These Defendants ............7

    V.    The Court Must Dismiss the Common Law Claims Because Plaintiffs
          Do Not Have Standing to Assert These Derivative Claims as They
          Have Not Made the Required Statutory Demand Upon RAHFCO L.P. ................11

CONCLUSION..............................................................................................................................14

## TABLE OF AUTHORITIES

**Cases:**

Admiralty Fund v. Hugh Johnson & Co.,
677 F.2d 1301 (9th Cir. 1982) ..................................................................................................6

Ashcroft v. Iqubal,
129 S.Ct. 1937 (2009)..............................................................................................................4

ATSI Communications, Inc. v. Shaar Fund, Ltd.,
493 F.3d 87 (2d Cir. 2007)........................................................................................................8

Bell Atl. Corp. v. Twombly,
550 U.S. 544 (2007).................................................................................................................4

Bull v. American Bank and Trust Co. of Pa.,
641 F.Supp. 62 (E.D. Pa.1986).................................................................................................6

Camofi Master LDC v. Riptide Worldwide, Inc.,
No. 10-4020, 2011 WL 11976959 (S.D.N.Y. Mar. 25, 2011)..................................................9

Cohen v. Citibank, N.A.,
No. 95-4826, 1997 WL 88378 (S.D.N.Y. Feb. 28, 1997).........................................................6

Edison Fund v. Cogent Investment Strategies Fund, Ltd.,
551 F.Supp.2d 210 (S.D.N.Y. 2008) ......................................................................................10

Finkel v. Stratton Corp.,
962 F.2d 169 (2d Cir. 1992).....................................................................................................5

Goodman v. Shearson Lehman Brothers, Inc.,
698 F.Supp. 1078 (S.D.N.Y. 1988) ..........................................................................................6

In re AIG, Sec. Litig.,
741 F.Supp. 511 (S.D.N.Y. 2010). ...........................................................................................9

In re Bear Stearns Co. Sec. Litig,
763 F.Supp.2d 423 (S.D.N.Y. 2011).....................................................................................4, 9

In re DDAVP Direct Purchaser Anti-Trust Litig.,
585 F.3d 677 (2d Cir. 2009)....................................................................................................10

In re Dreier LLP,
No. 09-15051, 2011 WL 2412581 (Bankr. S.D.N.Y. June 16, 2011) ......................................9

In re Fannie Mae 2008 Sec. Litig.,
742 F.Supp.2d 382 (S.D.N.Y. 2010).................................................................................10, 11

Janus Capital Group, Inc. v. First Derivative Traders,
131 S.Ct. 2296 (2011)...................................................................................................................8

Litman v. Prudential-Bache Properties, Inc.,
611 A.2d 12 (Del. Ch. 1992)......................................................................................................12

Maldonado v. Dominguez,
137 F.3d 1 (1st Cir. 1998).............................................................................................................5

Marini v. Lombardo,
79 A.D.3d 932, 912 N.Y.S.2d 693 (2d Dep't 2010)..................................................................12

Ostler v. Codman Research Group, Inc.,
No. 98-356, 1999 WL 1059684 (D. N.H. Apr. 20, 1999)...........................................................5

Rochester Radiology Assoc. v. Aetna Life Ins. Co.,
616 F.Supp. 985 (W.D.N.Y. 1985)............................................................................................12

Rohland v. Syn-Fuel Assoc. 1982 L.P.,
879 F.Supp. 322 (S.D.N.Y. 1995) ...............................................................................................5

Seaford Funding v. M&M Assoc. II, L.P.,
672 A.2d 66 (Del. Ch. 1995).......................................................................................................13

Starr v. Sony BMG Music Entertainment,
592 F.3d 314 (2d Cir. 2010).........................................................................................................4

Tellabs, Inc. v. Makor Issues & Rights, Ltd.,
551 U.S. 308 (2007)....................................................................................................................11

Thornock v. Kinderhill Corp.,
749 F.Supp. 513 (S.D.N.Y. 1990) ...............................................................................................7

Transamerica Mortgage Advisors v. Lewis,
444 U.S. 11 (1979).........................................................................................................................7

Walck v. American Stock Exchange, Inc.,
565 F.Supp. 1051 (E.D. Pa. 1981)...............................................................................................6

**Statutes/Rules:**

6 Del. C. § 17-1001 (2010) .................................................................................................13

6 Del. C. § 17-1003 (2010) .................................................................................................13

15 U.S.C. §78u-4(b)(2) (2009). ............................................................................................8

Fed. R. Civ. Proc. 9(b) (West 2010) ....................................................................................8

Defendants Vincent Puma and Hudson Partners NYC, LLC ("Hudson Partners") submit this memorandum of law in support of their motion, pursuant to Fed. R. Civ. Proc. 12(b)(6), to dismiss the Complaint filed by Plaintiffs Steven Krasner, Alison Krasner, Michele Tellone, and Tamie Tellone.

## THE ALLEGATIONS AND CLAIMS

The Complaint engages in rampant group pleading to assert over a dozen direct and derivative claims against twenty-nine individuals and entities concerning an alleged Ponzi scheme operated by defendant Anthony Johnson and his family members. With respect to transactions with Plaintiffs, the Complaint provides specific allegations that those defendants made misrepresentations to Plaintiffs to induce them to invested "in various Ponzi scheme investment funds". There are, however, no such allegations concerning Mr. Puma or Hudson Partners. Specifically, the Complaint alleges:

- PONZI SCHEME defendants,[1] through the use of their agents, specifically ANTHONY JOHNSON, ROBERT JOHNSON, CHRISTINE JOHNSON, ALLISON JOHNSON, ROBERT JOHNSON, SR., ANNETTE JOHNSON and GLENN GRIFFIN, solicited investors to purchase interest in defendants' funds. (Compl. ¶56).

- ANTHONY JOHNSON and RANDAL K. HANSEN used the other defendants, specifically, ROBERT JOHNSON, CHRISTINE JOHNSON and GLENN GRIFFIN as "finders" or "brokers" who were agents of the Ponzi scheme, who may have received commissions or other benefits for their role in promotion defendants' investment services, at the instruction of ANTHONY JOHNSON and other PONZI SCHEME defendants. (Compl. ¶57).

---

[1] The Complaint defines "PONZI SCHEME defendants" in multiple instances as: "RAHFCO FUNDS LP"; "RAHFCO INVESTMENT FUNDS LP"; "RAHFCO MANAGEMENT GROUP LLC"; "RAHFCO SELECT"; "GIBRALTAR PARTNERS d/b/a GIBRALATAR PARTNERS INC"; "GIBRALTAR FUNDS d/b/a GIBRLATAR FUNDS INC."; "CAPSTONE INVESTMENT FUNDS LLP"; and "MEIDINGER & ASSOCIATES CPA'S PROF LLC". (Compl. ¶¶ 4-11).

- As part of defendants' process of soliciting investors for the PONZI SCHEME defendants' investment services, defendants, including ANTHONY JOHNSON, ROBERT JOHNSON, CHRISTINE JOHNSON, AND GLENN GRIFFIN, falsely told prospective investors that the risks associated with the PONZI SCHEME defendants' investments was extremely low, and the yields extremely high. (Compl. ¶58).[2]

- Since on or about 2005, [Plaintiffs] have been sending checks to PONZI SCHEME defendants, specifically ANTHONY JOHNSON and GIBRALTER PARTNERS, to be invested in various Ponzi scheme investment funds. (Compl. ¶54).[3]

There are no such specific allegations concerning Mr. Puma or Hudson Partners. With respect to Mr. Puma and Hudson Partners, the Complaint only and sparsely alleges:

- Defendant VINCENT PUMA *is listed* in the RAHFCO FUNDS LP prospective (sic) as the manager and controlling member. Said prospective (sic) reports that defendant PUMA is RAHFCO FUNDS' primary portfolio manager. As manager and controlling member, defendant PUMA was involved in defrauding investors and in manipulating trades and accounts to facilitate the Ponzi scheme. Defendant VINCENT PUMA is believed to reside in New York, with a principal place of business at 685 Fifth Avenue, 9th Floor, New York, New York, 10022. (Compl. ¶20) (emphasis added).

- Defendant HUDSON PARTNERS NYC LLC *is listed* in the RAHFCO FUNDS LP prospectus as a subadvisor, which states that the subadvisor will manage most of the portfolio, execute trades, provide information and advice, carry out research and provide analysis and recommendations to the general partners. Defendant HUDSON PARTNERS NYC LLC's principal place of business is 208 East 51st Street, Suite 290, New York, New York, 10022. (Compl. ¶23) (emphasis added)

- ANTHONY JOHNSON, RANDAL K. HANSEN and the other PONZI SCHEME defendants misappropriated an undetermined amount of investors' money for their own personal benefit including thousands of dollars of cash, luxuries and other extravaganzas. *The remaining investor funds were most likely lost in unprofitable, uncategorizable or undeterminable trades*

---

[2] Those false statements are listed at paragraph 65 and include, *inter alia*, that "Defendants' trading program would result in minimum gross profit margins per month of three (3%) percent" and "Defendants' trading program was subject to extremely low risk". (Compl. ¶65(a)-(b)).

[3] Those checks are listed at paragraph 55 and identify checks payable to: Gibraltar Partners; A.R.C. Ventures; Gibraltar Partners, Inc.; and RAHFCO Select. (Compl. ¶55).

2

>*executed by* the PONZI SCHEME defendants' including defendants ANTHONY JOHNSON, KEVIN NUGENT, *VINCENT J. PUMA*, WARD ONSA, RANDAL K. HANSEN and other PONZI SCHEME defendants including but not limited to the accountants, legal teams, clearing groups or other investor services who participated in the Ponzi Scheme. (Compl. ¶50) (emphasis added).

The Complaint does not set forth any other allegations concerning Mr. Puma or Hudson Partners. Instead, the Complaint uses improper group pleading, bald assertions, and conclusory legal recitals as the basis for twelve claims against Mr. Puma and Hudson Partners. Specifically, the Complaint asserts the following claims against "defendants", which would include Mr. Puma and Hudson Partners, as well as twenty-seven other defendants: a claim under Section 17(a) of the Securities Act of 1933 (the "Securities Act") (Count One); a claim under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder (Count Two); a claim violations of Section 15(a)(1) of the Exchange Act (Count Three); a claim under Sections 206(1), (2), and (4) of the Investment Advisors Act of 1940 (the "Advisors Act") (Count Five); a claim under Section 17(b) of the Securities Act (Count Six); a claim for aiding and abetting under Section 15(a) of the Exchange Act (Count Seven); a claim on behalf of RAHFCO L.P. for conversion (Count Nine); a claim on behalf of RAHFCO L.P. for unjust enrichment (Count Ten); a claim on behalf of RAHFCO L.P. for a constructive trust (Count Eleven); a claim on behalf of RAHFCO L.P. for an accounting (Count Twelve); a claim on behalf of RAHFCO L.P. for breach of fiduciary duty (Count Thirteen); and a claim on behalf of RAHFCO L.P. for negligence (Count Fourteen).[4]

---

[4] Count Four asserts a specific claim against only Anthony Johnson for violations of Section 15(b)(6)(B)(i) of the Exchange Act, and Count Eight asserts a specific claim against only RAHFCO, Anthony Johnson, and Randy Hansen for control person liability under Section 20(a) of the Exchange Act. (See Compl. pp. 27-28, 30-32).

As set forth below, the Court must dismiss the claims asserted against Mr. Puma and Hudson Partners because: there is no private right of action for several of the pled claims; the Complaint fails to allege that Mr. Puma or Hudson Partners made any misrepresentation to Plaintiffs; the Complaint fails to satisfy the requisite pleading standards and engages in improper group pleading; and Plaintiffs do not have standing to assert derivative claims on behalf of RAHFCO L.P.

## ARGUMENT

While the Court construes a complaint liberally and accepts as true non-conclusory factual allegations, the complaint must be facially plausible to survive a motion to dismiss under Rule 12(b)(6). Starr v. Sony BMG Music Entertainment, 592 F.3d 314, 321 (2d Cir. 2010). "Dismissal of a complaint or cause of action for failure to state a claim is appropriate where the complaint fails to plead 'enough facts to state a claim to relief that is plausible on its face.'" In re Bear Stearns Co. Sec. Litig, 763 F.Supp.2d 423, 485 (S.D.N.Y. 2011) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A complaint must "possess enough heft to show that the pleader is entitled to relief by providing factual allegations plausibly suggesting (not merely consistent with) the required elements of the asserts cause of action." Id. (internal quotations omitted). A complaint that "offers labels and conclusions or a formulaic recitation of elements of a cause of action will not do." Ashcroft v. Iqubal, 129 S.Ct. 1937, 1949 (2009). Similarly, a complaint does not suffice if it tenders "naked assertions devoid of further factual enhancement." Id.

As demonstrated below, the Complaint does not satisfy this threshold requirement with respect to Mr. Puma and Hudson Partners, and the Court should dismiss it as against these defendants.

4

I.   **The Court Must Dismiss the Section 17(a) and 17(b) Securities Act Claims Because No Private Right of Action Exists Thereunder**

Count One asserts a claim against "Defendants" under Section 17(a) of the Securities Act, and Count Six asserts a similar claim against "Defendants" under Section 17(b) of the Securities Act. (Compl. pp. 24-25, 29-30). The Court must dismiss these claims because no private right exists under Section 17 of the Securities Act.

The U.S. Court of Appeals for the Second Circuit has definitively held that there is no private right of action under Section 17(a) of the Securities Act. Finkel v. Stratton Corp., 962 F.2d 169, 175 (2d Cir. 1992); see also, Rohland v. Syn-Fuel Assoc. 1982 L.P., 879 F.Supp. 322, 329 (S.D.N.Y. 1995). Accordingly, the Court must dismiss Count One.

With respect to the Section 17(b) Securities Act claim, there is only one decision that squarely addressed whether a private right of action is implied under Section 17(b). That case, Ostler v. Codman Research Group, Inc., held that no private right of action exists under Section 17(b). Ostler v. Codman Research Group, Inc., No. 98-356, 1999 WL 1059684 * 4 (D. N.H. Apr. 20, 1999). In reaching its decision, the Ostler Court cited the U.S. Court of Appeals for the First Circuit's decision in Maldonado v. Dominguez. Id. In Maldonado, the First Circuit employed the same analysis as the Second Circuit in Finkel in reaching its holding that no private right of action existed under Section 17(a) of the Securities Act. Maldonado v. Dominguez, 137 F.3d 1, 7-8 (1st Cir. 1998) (citing Finkel, 962 F.2d at 174-175)). The Second and First Circuit's rationale for holding no private right of action exists under Section 17(a) also holds true for Section 17(b) – both sections have no mental state requirement, a lack of evidence of Congressional intent to create a private right of action, and there is nothing in language of the statute to suggest a private right of action. See Finkel, 962 F.2d at 175; Maldonado, 137 F.3d at 7-8.

Accordingly, the Court should dismiss Count Six because no private right of action exists under Section 17(b) of the Securities Act.

## II. The Court Must Dismiss the Section 15(a) Exchange Act Claims Because No Private Right of Action Exists Thereunder

Count Three asserts a claim against "Defendants" under Section 15(a)(1) of the Exchange Act, and Count Seven asserts a similar claim against "Defendants" under Section 15(a) of the Exchange Act for aiding and abetting violations thereof. (Compl. pp. 27, 30). The Court must dismiss these claims because no private right of action exists under Section 15 of the Exchange Act.

It has been well established for over twenty years that there is no private right of action under Section 15 or Section 15(a) of the Exchange Act. Goodman v. Shearson Lehman Brothers, Inc., 698 F.Supp. 1078, 1086 (S.D.N.Y. 1988); see also, Cohen v. Citibank, N.A., No. 95-4826, 1997 WL 88378 *2 (S.D.N.Y. Feb. 28, 1997); Walck v. American Stock Exchange, Inc., 565 F.Supp. 1051 (E.D. Pa. 1981) (no implied cause of action under Section 15), aff'd on other grounds, 687 F.2d 778 (3d Cir. 1982), cert. denied, 461 U.S. 942 (1983), reh'g denied, 463 U.S. 1236 (1983); Bull v. American Bank and Trust Co. of Pa., 641 F.Supp. 62 (E.D. Pa.1986) (no private right of action under Section 15(a)(1)); Admiralty Fund v. Hugh Johnson & Co., 677 F.2d 1301, 1313-14 (9th Cir. 1982) (no private cause of action under Section 15). Thus, the Court must dismiss Count Three because there is no private right of action under Section 15 of the Exchange Act.

Likewise, the Court should dismiss Count Seven, which also asserts a claim under Section 15(a) of the Exchange Act against "Defendants" who provided "substantial assistance to "defendants" in violation of Section 15(a). As there is no direct private right of action under

6

Section 15(a), it naturally follows that there is no aiding and abetting claim for a non-existent private right of action under Section 15(a).[5]

Accordingly, the Court should dismiss Counts Three and Seven.

### III.   The Court Must Dismiss the Section 206 Advisors Act Claims Because No Private Right of Action Exists Thereunder

Count Five asserts claims under Sections 206(1), (2), and (4) of the Advisors Act. (Compl. at pp. 28-89). The U.S. Supreme Court has held there is no private right of action under Section 206 of the Advisors Act. Transamerica Mortgage Advisors v. Lewis, 444 U.S. 11, 24 (1979). Accordingly, the Court must dismiss these claims because no private right of action exists under Section 206 of the Advisors Act.

### IV.   The Court Must Dismiss the Section 10(b) Exchange Act Claim Against Mr. Puma and Hudson Partners Because the Claim Lacks the Requisite Degree of Particularity and Fails To State a Claim as to These Defendants

Count Two asserts a claim under Section 10(b) of the Exchange Act and Rule 10b-5 thereunder against "defendants" and provides a boilerplate recitation of the cause of action's elements. (Compl. at p. 26). With respect to Mr. Puma and Hudson Partners, the Court must dismiss this claim because the Complaint fails to plead the requisite particularity for these two defendants, does not allege that they "made" any statement to Plaintiffs, and fails to assert any factual allegations concerning these defendants' scienter.

Plaintiffs' Section 10(b) claim is subject to the heightened pleading standards of both Fed. R. Civ. Proc. 9(b) and the Private Securities Litigation Reform Act of 1995 (the "PSLRA").

---

[5] Notwithstanding that no private right of action exists under Section 15(a), Plaintiffs' mere recitation of the words "substantial assistance", without more, is insufficient to allege a claim for aiding and abetting. See Thornock v. Kinderhill Corp., 749 F.Supp. 513, 516 (S.D.N.Y. 1990).

7

Rule 9(b) requires that allegations of fraud be stated with particularity. Fed. R. Civ. Proc. 9(b) (West 2010). And under the PSLRA, the complaint must "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." 15 U.S.C. §78u-4(b)(2) (2009). In the context of a securities fraud claim based on misstatements, the complaint must: i) specify the statements that the plaintiff contends were fraudulent; ii) *identify the speaker*; iii) state where and when the statements were made; and iv) explain why the statements were fraudulent. ATSI Communications, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 99 (2d Cir. 2007). Conclusory allegations or unsupported factual assertions are insufficient. Id. Finally, the U.S. Supreme Court has held that to be liable for making a false statement under Section 10(b), the defendant must have actually "made" the false statement. Janus Capital Group, Inc. v. First Derivative Traders, 131 S.Ct. 2296, 2305 (2011).

Here, the Complaint specifies the statements that Plaintiff contends were fraudulent, it specifies why the statements were fraudulent and, it identifies the speakers of those alleged misrepresentation, but *it does not identify either Mr. Puma or Hudson Partners as the speakers* of those statements or misrepresentations. (See Compl. ¶¶58, 65-66). There is no allegation that Mr. Puma or Hudson Partners "made" any statement – false or otherwise – to Plaintiffs. Indeed, there is no allegation that Plaintiffs ever spoke with, or met, either Mr. Puma or Hudson Partners. Rather, the Complaint merely alleges that, in RAHFCO L.P.'s prospectus, Mr. Puma was identified therein as the fund's portfolio manager, Hudson Partners was identified as the fund's sub-advisor, and that Mr. Puma allegedly made unprofitable trades on behalf of the fund. (See Compl. ¶¶ 20, 23, 50). These allegations are insufficient to set forth a claim against Mr. Puma or Hudson Partners under Section 10(b). See Janus, 131 S.Ct. at 2305.

To circumvent this clear pleading deficiency, the Complaint engages in rampant group pleading by lumping Mr. Puma and Hudson Partners with twenty-seven other defendants under the "defendants" label and seeks to impute the alleged bad actions of Anthony Johnson upon all defendants – such cavalier pleading is not permissible. "A claim may not rely upon blanket references to acts or omissions by all of the defendants, for each defendant named in the complaint is entitled to be appraised of the circumstances surrounding the fraudulent conduct with which he individually stands charged." In re Bear Stearns Co. Sec. Litig, 763 F.Supp.2d at 485; In re Dreier LLP, No. 09-15051, 2011 WL 2412581 *11 (Bankr. S.D.N.Y. June 16, 2011) ("group pleading is generally forbidden because each defendant is entitled to know what he is accused of doing."). While there is an extremely narrow exception to the group pleading rule that allows such pleading in group published documents, such as SEC filings and press releases, this exception is not present here. See In re AIG, Sec. Litig., 741 F.Supp. 511, 530 (S.D.N.Y. 2010). The group pleading exception also does not apply to oral statements. Camofi Master LDC v. Riptide Worldwide, Inc., No. 10-4020, 2011 WL 11976959 *6 (S.D.N.Y. Mar. 25, 2011).

The Complaint does not allege that the misrepresentations made to Plaintiffs were made in group published documents, such as an SEC filing or press release. Rather, the Complaint specifically alleges that defendants Anthony Johnson, Robert Johnson, Christine Johnson, and Glenn Griffin made oral misrepresentations to plaintiffs when they "falsely told prospective investors that the risks associated with the PONZI SCHEME defendants' investments was extremely low, and the yields extremely high." (Compl. ¶58). Accordingly, the group pleading doctrine is inapplicable, and the Complaint fails to satisfy the requisite particularity required by Fed. R. Civ. Proc. 9(b) and the PSLRA with respect to Mr. Puma and Hudson Partners.

The Complaint also fails to plead the requisite scienter for Mr. Puma and Hudson Partners. It is well established that a complaint must plead factual allegations showing that a defendant had both a motive and opportunity to commit fraud or factual allegations that constitute strong circumstantial evidence of conscious misbehavior or recklessness. In re Fannie Mae 2008 Sec. Litig., 742 F.Supp.2d 382, 396 (S.D.N.Y. 2010). Moreover, "[i]n a case involving multiple defendants, plaintiffs must plead circumstances providing a factual basis for scienter for each defendant; guilt by association is impermissible." In re DDAVP Direct Purchaser Anti-Trust Litig., 585 F.3d 677, 695 (2d Cir. 2009).

Here, there are simply no factual allegations showing that either Mr. Puma or Hudson Partners had a motive or opportunity to commit fraud or any factual allegations that constitute strong circumstantial evidence of conscious misbehavior or recklessness. The only allegations with respect to these defendants are that Mr. Puma was a portfolio manager for RAHFCO L.P., Hudson Partners was a sub-advisor to the fund, and that they made unprofitable trades. (Compl. ¶¶20, 23, 50). The mere implied allegation that they earned management fees for trading RAHFCO L.P.'s assets does not satisfy the motive and opportunity requirement. Edison Fund v. Cogent Investment Strategies Fund, Ltd., 551 F.Supp.2d 210, 227 (S.D.N.Y. 2008) ("desire to earn management fees is a motive generally possessed by hedge fund managers, and as such, does not suffice to allege 'concrete and personal benefit' resulting from fraud."); In re Fannie Mae, 742 F.Supp.2d at 396. Thus, the Complaint fails to plead factual allegations showing motive and opportunity.

The Complaint also fails to set forth factual allegations constituting strong circumstantial evidence of conscious misbehavior or recklessness. "Recklessness sufficient to establish scienter involves conduct that is 'highly unreasonable and represents an extreme departure from the

standards of ordinary care". In re Fannie Mae, 742 F.Supp.2d at 396.  Further, where "motive is not apparent, the strength of the circumstantial allegations must be correspondingly greater." Id. Thus, an "inference of scienter must be more than merely plausible or reasonable – it must be cogent and at least as compelling as any opposing inference of nonfraudulent intent." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 314 (2007).  Here, there are no such factual allegations concerning Mr. Puma or Hudson Partners.  The only factual allegations concerning these defendants is that they may have made unprofitable trades for RAHFCO, L.P.  (Compl. ¶50).

Accordingly, the Court should dismiss Count Two and the claims arising under Section 10(b) of the Exchange Act and Rule 10b-5 thereunder because the Complaint fails to satisfy the requisite particularity requirements, fails to allege that Mr. Puma and Hudson Partners "made" any misrepresentation to Plaintiffs, and fails to plead that they acted with the requisite scienter.

### V.     The Court Must Dismiss the Common Law Claims Because Plaintiffs Do Not Have Standing to Assert These Derivative Claims as They Have Not Made the Required Statutory Demand Upon RAHFCO L.P.

The Court must dismiss Counts Nine through Fourteen because they set forth derivative claims on behalf of RAHFCO, L.P. and the Complaint does not allege that Plaintiffs made the required statutory demand upon RAHFCO, L.P. prior to commencing this action.

The Complaint asserts the following common law claims on behalf of RAHFCO:

- Count Nine asserts a common law conversion claim on behalf of RAHFCO – i.e., "RAHFCO and its customers have not had the use of the money converted by defendants." (Compl. ¶132);

- Count Ten asserts a common law unjust enrichment claim on behalf of RAHFCO, L.P., which alleges that the "enrichment was the expense of RAHFCO" and "equity and good conscience require full restitution of the monies received by defendants from RAHFCO." (Id. ¶¶136, 137);

11

- Count Eleven asserts a common law constructive trust claim[6] on behalf of RAHFCO alleging that "the assets of RAHFCO have been wrongfully diverted". (Id. ¶140);

- Count Twelve asserts a common law accounting claim on behalf of RAHFCO for an accounting of RAHFCO's assets. (Id. ¶146);

- Count Thirteen asserts a common law breach of fiduciary duty claim on behalf of RAHFCO alleging that defendants owed duties to RAHFCO including "duties of care and loyalty to RAHFCO". (Compl. ¶149); and

- Count Fourteen asserts a common law negligence claim on behalf of RAHFCO asserting that defendants breached their duties to RAHFCO and caused it harm. (Id. ¶¶153-155).

A stated by the Delaware Chancery Court, the "distinction between derivative and individual actions rests upon the party being *directly* injured by the alleged wrongdoing." Litman v. Prudential-Bache Properties, Inc., 611 A.2d 12, 15 (Del. Ch. 1992).[7] In a derivative suit, a shareholders sues on behalf of a corporation for harm done to the corporation as opposed to an individual action where the plaintiff must be injured directly or independently of the corporation. Id. In determining whether the claims are derivative or direct in nature, the Court looks to the nature of the wrongs alleged in the body of the complaint and not plaintiff's characterization or stated intention. Id. Here, each common law claim asserts wrongs allegedly perpetrated against RAHFCO by unspecified defendants and seeks damages on behalf of "RAHFCO and its customers" – not specifically or directly for the four plaintiffs. (See Compl. at ¶155). Thus, the claims is damages for harm done to the limited partnership and are derivative

---

[6] The Court should also dismiss the constructive trust claim because "a constructive trust cannot itself serve as the basis for a substantive claim or right." Rochester Radiology Assoc. v. Aetna Life Ins. Co., 616 F.Supp. 985, 988 (W.D.N.Y. 1985); Marini v. Lombardo, 79 A.D.3d 932, 912 N.Y.S.2d 693, 696 (2d Dep't 2010) ("constructive trust is an equitable remedy").

[7] The derivative claims are governed by Delaware law because RAHFCO, L.P. is a Delaware Limited Partnership formed under Delaware's Limited Partnership Act. See Compl. ¶4.

in nature; consequently, Plaintiffs must satisfy the statutory requirements for initiating a derivative action.

Delaware's Limited Partnership Act requires a limited partner to make a demand upon the limited partnership's general partners and plead that the general partners have refused to bring such an action or plead that such efforts is futile. 6 Del. C. §§ 17-1001, 17-1003 (2010); Seaford Funding v. M&M Assoc. II, L.P., 672 A.2d 66, 69 (Del. Ch. 1995). Here, the Complaint does not allege that Plaintiffs made any demand upon RAFHCO L.P.'s General Partner to bring suit against the other named defendants for harmed caused to the limited partnership or set forth factual allegations as to why such a demand would be futile.[8] (See generally, Compl.). When a plaintiff fails to meet the demand and pleading requirements of Delaware's Limited Partnership Act, they lack standing to prosecute the derivative action, and the Court must dismiss the claims. Litman, 611 A.2d at 17 (dismissing complaint where plaintiff failed to meet the demand requirements under Delaware's Limited Partnership Act).

Accordingly, the Court must dismiss the common law derivative claims set forth in Counts Nine through Fourteen because Plaintiffs have failed to meet the requirements of the Delaware Limited Partnership Act.

---

[8] Indeed, from the face of the Complaint, it appears that no Plaintiff is a limited partner of RAHFCO, L.P. Every check identified in the Complaint was paid by Plaintiffs to either Gibraltar Partners, A.R.C. Ventures, Gibraltar Partners, Inc., or RAHFCO Select. (Compl. ¶55). With respect to RAHFCO Select, Steven Krasner is the only plaintiff who made a payment to this entity. (Id.).

## CONCLUSION

Based on the foregoing, defendants Vincent Puma and Hudson Partners NYC, LLC respectfully request that the Court dismiss all claim against them and for such other and further relief as the Court deems just, equitable, and proper.

Dated: July 19, 2011

Respectfully submitted,

SICHENZIA ROSS FRIEDMAN FERENCE LLP

_____
Michael H. Ference, Esq. (MF-7600)
Richard J. Babnick Jr., Esq. (RB-3374)
61 Broadway, 32nd Floor
New York, New York 10006
(212) 930-9700

Attorneys for Defendants
Vincent Puma and Hudson Partners NYC, LLC