Michael B. Schulman & Associates
Michael B. Schulman (MS 3690)
145 Pinelawn Road, Suite 310N
Melville, New York   11747
Telephone: 631-622-2080
mschulman@mbslegal.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------------------x

STEVEN KRASNER, ALISON KRASNER,            **Civil Action No.:**
MICHELE TELLONE a/k/a MIKE TELLONE, and    11 CV 4092 (VB)
TAMIE TELLONE,

                                    Plaintiffs,

                   -against-

RAHFCO FUNDS LP, RAHFCO SELECT LP,
RAHFCO MANAGEMENT GROUP, LLC,
RAHFCO INVESTMENT FUNDS LP,
GIBRALTAR PARTNERS d/b/a GIBRALTAR
PARTNERS INC., GIBRALTAR FUNDS d/b/a
GIBRALTAR FUNDS INC., ANTHONY JOHNSON,
ROBERT JOHNSON, CHRISTINE JOHNSON,
Individually and d/b/a ARC VENTURES, ALLISON
JOHNSON, ROBERT JOHNSON, SR., ANNETTE
JOHNSON, RANDAL K. HANSEN a/k/a RANDY K.
HANSEN, GLENN GRIFFIN, VINCENT PUMA, KEVIN
NUGENT, WARD ONSA, HUDSON PARTNERS NYC
LLC, SPICER JEFFRIES LLP, SFG ACCOUNTING
PLLC, MAN FINANCIAL INC., PERMAPAVE USA
CORP., VERIGREEN, STELLAR CORPORATION
SERVICES LLC, CAPSTONE INVESTMENT FUNDS LLP,
MEIDINGER & ASSOCIATES CPA'S PROF LLC,
SUSAN MEIDINGER, CPA, ENTRUST GROUP d/b/a
ENTRUST RETIREMENT SERVICES, TARA
HANSEN-LEINEN, SHIRLEY HANSEN, RAHFCO
GROWTH FUND, and "JOHN DOE" numbers 1-10,

                                    Defendants.

-----------------------------------------------------------------------------x

<u>**MEMORANDUM OF LAW**</u>
<u>**IN OPPOSITION TO**</u>
<u>**DEFENDANTS' RAHFCO FUNDS LP,**</u>
<u>**RAHFCO SELECT, RAHFCO MANAGEMENT**</u>
<u>**GROUP, LLC, RAHFCO INVESTMENT FUNDS,**</u>
<u>**LLP, AND RANDALL K. HANSEN'S**</u>
<u>**MOTION TO DISMISS PLAINTIFFS' COMPLAINT**</u>

Michael B. Schulman & Associates, P.C.
By:  Michael B. Schulman (MS3690)
Attorneys for Plaintiffs
145 Pinelawn Road, Suite 310N
Melville, New York 11747
(631) 622-2080

# TABLE OF CONTENTS

**Page No.:**

STATEMENT OF FACTS ......................................................... 1

POINT ONE

      DEFENDANTS MOVE TO DISMISS PLAINTIFFS'
CAUSES OF ACTION UNDER 17(a), 17(b), 15(a),
20(a) OF THE SECURITIES ACT, §206 OF THE
INVESTMENT ADVISORS ACT, §10(b) OF THE
EXCHANGE ACT ......................................................... 3

POINT TWO

      DEFENDANTS MOVE TO DISMISS PLAINTIFFS'
COMMON LAW DERIVATIVE CLAIMS ............................. 5

    A.    PLAINTIFFS DEMAND UPON DEFENDANTS
WOULD HAVE BEEN FUTILE ............................. 6

    B.    PLAINTIFFS COMMON LAW CLAIMS ARE NOT
PRECLUDED BY NEW YORK'S MARTIN ACT ......... 7

    C.    PLAINTIFFS AMENDED COMPLAINT SETS FORTH
ALLEGATIONS ESTABLISHING A FIDUCIARY
RELATIONSHIP ................................................. 9

CONCLUSION ................................................................... 10

## TABLE OF AUTHORITIES

Anwar v. Fairfield Greenwich Ltd., 728 F.Supp.2d 354 (S.D.N.Y. 2010) ................... 7, 9

Assured Guaranty (UK) Ltd. v. JP Morgan Inv. Mgt. Inc., 80 A.D.3d 293
(1st Dep't 2010) .................................................................................................... 7

Breakwaters Townhomes Ass'n of Buffalo, Inc. v. Breakwaters of Buffalo, Inc.,
207 A.D.2d 963, 616 N.Y.S.2d 829 (4th Dep't 1994) ....................................... 8

Brown v. Napoli, No. 07-cv-838, 2008 WL 4507590
(W.D.N.Y. Sep. 29, 2008) .............................................................................. 3, 5

Byng v. Campbell, No. 9:07-CV-471, 2009 WL 152708
(N.D.N.Y. Jan. 21, 2009) ............................................................................... 3, 5

CMMF, LLC. v. J.P. Morgan Inv. Mgt. Inc., 78 A.D.3d 562 (1st Dep't 2010) ................. 7

Dluhos v. Floating and Abandoned Vessel, Known as New York,
162 F.3d 63 (2nd Cir. 1998) ........................................................................... 3, 5

Independent Order of Foresters v. Donaldson, Lufkin & Jenrette Inc.,
919 F.Supp. 149 (S.D.N.Y. 1996) ..................................................................... 8

Kamen v. Kemper Fin. Servs. Inc., 500 U.S. 90, 111 S.Ct. 1711 (1991) ...................... 6

Spiegel v. Buntrock, 571 A.2d. 767 (Del. 1990) .......................................................... 6

YU v. Town of Southold, No. 10-CV-2943 2011 WL 647487
(Feb. 11, 2011 E.D.N.Y.) ............................................................................... 3, 5

## STATEMENT OF FACTS

The RAHFCO defendants specifically, RAHFCO FUNDS LP, RAHFCO SELECT LP, RAHFCO MANAGEMENT GROUP, LLC, RAHFCO INVESTMENT FUNDS LP, and RANDALL K. HANSEN, were served with plaintiffs' Complaint in this matter on June 23, 2011.

On or about July 11, 2011, RAHFCO defense counsel contacted plaintiffs' counsel to seek an extension of time to respond to the Complaint. Defense counsel was informed that plaintiffs intended to file an Amended Complaint as soon as possible and thus defendant did not need to file a formal stipulation extending RAHFCO defendants' time to answer.

On or about July 26, 2011, RAHFCO defendants and plaintiffs entered into a Stipulation extending RAHFCO defendants' time to answer the Complaint through August 31, 2011.

Though RAHFCO defendants had been informed that plaintiffs intended to file an Amended Complaint, on August 3, 2011, RAHFCO defendants responded to plaintiffs' initial Complaint and filed a Motion to Dismiss. On or about August 29, 2011 plaintiffs' requested that RAHFCO defendants extend their time to respond to defendants' Motion to Dismiss.

On or about August 31, 2011, plaintiffs executed a Stipulation with RAHFCO defendants, extending plaintiffs' time to answer RAHFCO defendants' Motion to Dismiss through October 3, 2011.

1

On September 1, 2011, plaintiffs filed an Amended Complaint seeking to add additional plaintiffs and defendants to the above referenced cause of action.

Plaintiffs' delay in amending their complaint was a result of plaintiffs' attorneys being bombarded with phone calls from potential plaintiffs and victims of the fraudulent scheme perpetrated by defendants. Plaintiffs' goal was to file an amended complaint shortly after filing the original complaint, but due to the unexpected number of victims and new information, the goal of amending shortly was delayed. To this day, plaintiffs' attorneys are still receiving calls from victims of this ponzi scheme. Ultimately plaintiffs acquired more information and three additional plaintiffs that allowed plaintiffs to amend their complaint. The amended complaint will cause any deficiencies in the original complaint to be moot, and likewise, this very motion to dismiss by defendants.

## POINT ONE

## DEFENDANTS MOVE TO DISMISS
## PLAINTIFFS' CAUSES OF ACTION
## UNDER 17(a), 17(b), 15(a), 20(a) OF THE
## SECURITIES ACT, §206 OF THE INVESTMENT
## ADVISORS ACT, §10(b) OF THE EXCHANGE ACT

When an amended complaint is filed with the court it supersedes the prior complaint, making the prior complaint moot. <u>Dluhos v. Floating and Abandoned Vessel, Known as New York</u>, 162 F.3d 63, 68 (2nd Cir. 1998); *See also* <u>Byng v. Campbell</u>, No. 9:07-CV-471, 2009 WL 152708 at. * 1 (N.D.N.Y. Jan. 21, 2009). "Typically, the filing of an amended complaint following the filing of a motion to dismiss the initial complaint moots the motion to dismiss." (<u>Brown v. Napoli</u>, No. 07-cv-838, 2008 WL 4507590, at. *2 (W.D.N.Y. Sep. 29, 2008), whereby the motion to dismiss sought to dismiss claims of the original complaint, not the amended complaint, thereby rendering the motion to dismiss the original complaint moot.) *see also,* <u>YU v. Town of Southold</u>, No. 10-CV-2943 2011 WL 647487, at *1 (Feb. 11, 2011 E.D.N.Y.).

Plaintiffs filing of the amended complaint on September 1, 2011, renders this motion to dismiss moot and should therefore be denied. Further, plaintiffs seek, by their cross-motion, leave to amend their complaint and joinder of parties in a cross-motion to defendants' motion to strike. If leave to amend plaintiffs' complaint is granted, as it should in the interest of justice, defendants' motion to dismiss will be rendered moot.

Though defendants have failed to consent to plaintiffs' request to amend their Complaint, plaintiffs' proposed Amended Complaint has eliminated the causes of actions under §17(a), §17(b), 15(a) of the Securities Act, and §206 of the Investment Advisors Act.   If defendants had consented to plaintiffs' request to amend the

3

Complaint, the above mentioned causes of action would not be included in the Amended Complaint and this Court would need not consider defendants' Motion to Dismiss them.

Defendants assert that plaintiffs' cause of action under §10(b) of the Exchange Act lacks the requisite degree of particularity for such a claim, and therefore fails to state a claim. Plaintiffs' proposed Amended Complaint, to which defendants have refused to consent to, would meet the requisite heightened pleading standards of both Fed. R. Civ. Proc. 9(b) and the Private Securities Litigation Reform Act of 1995; and thus would be sufficient to state a cause of action.

Accordingly, the Court shall not dismiss this claim because plaintiffs Amended Complaint pleads said claim with the requisite degree of particularity.

Moreover, the amended complaint satisfies and rectifies any potential deficiencies that the original complaint might have had, in order to properly plead §20(a) of the Securities Exchange Act of 1934. Plaintiffs' amended complaint pleads fraud by defendants Randy Hansen and the RAHFCO defendants, showing their control as general partner and the Partnership over other defendants in committing fraud as well against plaintiffs.

Therefore, and because plaintiffs amended complaint will supersede the original complaint, thereby rendering defendants' motion to dismiss moot, this motion should be denied in its entirety.

4

## POINT TWO

## DEFENDANTS MOVE TO
## DISMISS PLAINTIFFS' COMMON LAW
## DERIVATIVE CLAIMS

When an amended complaint is filed with the court it supersedes the prior complaint, making the prior complaint moot. Dluhos v. Floating and Abandoned Vessel, Known as New York, 162 F.3d 63, 68 (2nd Cir. 1998); *See also* Byng v. Campbell, No. 9:07-CV-471, 2009 WL 152708 at. * 1 (N.D.N.Y. Jan. 21, 2009). "Typically, the filing of an amended complaint following the filing of a motion to dismiss the initial complaint moots the motion to dismiss." (Brown v. Napoli, No. 07-cv-838, 2008 WL 4507590, at. *2 (W.D.N.Y. Sep. 29, 2008), whereby the motion to dismiss sought to dismiss claims of the original complaint, not the amended complaint, thereby rendering the motion to dismiss the original complaint moot.) *see also,* YU v. Town of Southold, No. 10-CV-2943 2011 WL 647487, at *1 (Feb. 11, 2011 E.D.N.Y.).hen an amended complaint is filed with the court it supersedes the prior complaint. Dluhos v. Floating and Abandoned Vessel, Known as New York, 162 F.3d 63, 68 (2nd Cir. 1998); *See also* Byng v. Campbell, No. 9:07-cv-471, 2009 WL 152708 at. * 1 (N.D.N.Y. Jan. 21, 2009). "Typically, the filing of an amended complaint following the filing of a motion to dismiss the initial complaint moots the motion to dismiss." YU v. Town of Southold, No. 10-CV-2943, 2011 WL 647487 at. *1 (E.D.N.Y. Feb. 11, 2011) Byng, 2009 WL at *1. (quoting Brown v. Napoli, No. 07-cv-838, 2008 WL 4507590, at. *2 (W.D.N.Y. Sep. 29, 2008), whereby the motion to dismiss sought to dismiss claims of the original complaint, not the amended complaint, thereby rendering the motion to dismiss the original complaint moot.)

5

Plaintiffs filing of the amended complaint on September 1, 2011, renders this motion to dismiss moot and should therefore be denied. Further, plaintiffs seek leave to amend their complaint and joinder of parties in a cross-motion to defendants' motion to strike. If leave to amend plaintiffs' complaint is granted, as it should in the interest of justice, defendants' motion to dismiss will be rendered moot.

## A.    PLAINTIFFS DEMAND UPON DEFENDANTS WOULD HAVE BEEN FUTILE

In Delaware, once a shareholder makes a demand, they are not able to "assert that demand was in fact excused as futile." Kamen v. Kemper Fin. Servs. Inc., 500 U.S. 90, 103, 111 S.Ct. 1711, 1720 (1991) (citing Spiegel v. Buntrock, 571 A.2d. 767, 775 (Del. 1990). Contrary to defendants' assertion that "Delaware's Limited Partnership Act requires a limited partner to make a demand upon the limited partnership's general partners and have refused to bring such an action or plead such efforts is futile," (See Puma brief point V), a limited partner does not have to make a demand upon the General partner to bring an action, a limited partner "may bring an action in the Court of Chancery…if an effort to cause those general partners to bring the action is not likely to succeed." 6. Del. C. § 17-1001(2010).

Plaintiffs' amended complaint has plead fraud and facts to satisfy any doubt that a demand upon defendants Randy Hansen and RAHFCO defendants would have been futile because any action would have been against the General partner and defendant Randy Hansen. As plead in the amended complaint, defendants herein are a part of the overall fraud committed against plaintiffs and making a demand upon defendant Randy Hansen and the RAHFCO defendants would have been futile because it was indeed Randy Hansen and the RAHFCO defendants who have been perpetrating the fraud.

6

However, if this court deems the complaint and/or the amended complaint to be deficient of the required standard to defeat this claim, plaintiffs seek leave to amend the complaint to correct any deficiencies.

## B.   PLAINTIFFS COMMON LAW CLAIMS ARE NOT PRECLUDED BY NEW YORK'S MARTIN ACT

Defendants' claim that plaintiffs' common law claims for conversion, unjust enrichment, constructive trust, accounting, breach of fiduciary duty and negligence must be dismissed as being barred by New York's Martin Act. (See Def. Br. at 16). As discussed by a federal court in this district and recent Appellate cases in New York State Court, the Martin Act does not pre-empt common law causes of action. See Anwar v. Fairfield Greenwich Ltd., 728 F.Supp.2d 354, 356 (S.D.N.Y. 2010) (Marrero, J.) (denying motion to dismiss plaintiffs' common law claims as preempted by the Martin Act); Assured Guaranty (UK) Ltd. v. JP Morgan Inv. Mgt. Inc., 80 A.D.3d 293 (1st Dep't 2010); CMMF, LLC. v. J.P. Morgan Inv. Mgt. Inc., 78 A.D.3d 562 (1st Dep't 2010) (holding that while no private right of action can be based on the Martin Act, the Statute itself and the legislative history does not support a decision that the Martin Act preempts validly plead common law causes of action).

The Court in Anwar, cites to the Attorney General's amicus briefs to support its decision that the Martin Act does not preempt common law causes of action. Anwar, 728 F.Supp.2d at. 367. The Court uses the Attorney General's argument to support its decision that the Martin Act, did not increase or decrease private litigants remedies, Id, citing Brief of Attorney General of the State of New York as Amicus Curiae, CMMF, LLC. v. J.P. Morgan Inv. Mgt. Inc., 78 A.D.3d 562 (1st Dep't 2010) and Brief of Attorney General of the State of New York as Amicus Curiae, Assured Guaranty (UK) Ltd. v. JP

7

Morgan Inv. Mgt. Inc., 80 A.D.3d 293 (1st Dep't 2010) (Internal quotations omitted), and thus common law claims are not preempted. The Court quotes the Attorney General, who argued, "[p]rivate common-law actions for the most part advance, and do not hinder the Attorney General's fundamental mission under the Martin Act...because the Attorney General cannot possibly take sole responsibility for policing the marketplace in securities fraud." Id.

Further, the Anwar Court held that "[t]he plain language of the Martin Act while granting the Attorney General investigatory and enforcement powers and prescribing various penalties, nowhere mentions or otherwise contemplates erasing common law causes of action." Anwar, 728 F.Supp.2d at. 358. The Court reasons that cases which support preemption do so "by citing other decisions that have found preemption, without examining whether the doctrine was warranted in the first place." Id. at 365. The Court supports its belief, citing Independent Order of Foresters v. Donaldson, Lufkin & Jenrette Inc., which held "it is clearly established that there is no private right of action for claims covered by the Martin Act." 919 F.Supp. 149, 153 (S.D.N.Y. 1996). Foresters, based this decision on a New York Appellate division case's holding, which did not hold that the Martin Act does not allow private causes of action, but only held that, "[i]t is well established that there is no implied private cause of action for violation of the antifraud provisions of that statute." Id.; (quoting Breakwaters Townhomes Ass'n of Buffalo, Inc. v. Breakwaters of Buffalo, Inc., 207 A.D.2d 963, 964, 616 N.Y.S.2d 829 (4th Dep't 1994). The Anwar Court concluded that due to Foresters' misstatement of Breakwaters, "broad preemption" resulted and many courts now find preemption, without deciding if preemption was correctly applied "in the first place." Anwar, 728 F.Supp.2d at. 365.

9

Thus, considering <u>Anwar's</u> in depth analysis, including the Attorney General of New York's *Amicus Curiae*, who rejected preemption within the Martin Act, and Appellate Division decisions in New York, this Court should deny defendants' motion to dismiss plaintiffs' common law causes of action because the Martin Act does not preempt common law causes of action.

**C.**    <u>PLAINTIFFS AMENDED COMPLAINT SETS FORTH ALLEGATIONS ESTABLISHING A FIDUCIARY RELATIONSHIP</u>

Plaintiff's hereby incorporate by reference the arguments set forth in point 1 of this memorandum of law, whereby plaintiffs amended complaint will supersede the original complaint, thereby making defendants' motion to dismiss moot. Further, plaintiffs' amended complaint will satisfy any deficiencies defendants allege where plaintiffs failed to establish the duty or fiduciary relationship required to support negligence and breach of fiduciary duty claims. If however, this court deems the complaint and/or the amended complaint to be deficient of the required standard to defeat this claim, plaintiffs seek leave to amend the complaint to correct any deficiencies.

## <u>CONCLUSION</u>

Based on the foregoing, plaintiffs respectfully request that the Court denies

defendants' Motion to Dismiss, grants plaintiffs leave to amend their complaint if the

correction of any deficiencies will defeat this motion to dismiss and for such other and

further relief as this Court deems just, equitable and proper.

Dated:  Melville, New York
        October 3, 2011

Yours, etc.,

Michael B. Schulman & Associates, P.C.
By:  Michael B. Schulman (MS3690)
Attorneys for Plaintiffs
Office & P.O. Address
145 Pinelawn Road, Suite 310N
Melville, New York   11747
631-622-2080

10