UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
STEVEN KRASNER, ALISON KRASNER, :
MICHELE TELLONE a/k/a Mike Tellone, :
TAMIE TELLONE, DAVID FIEDERLEIN, :
Individually and as Trustee for the : **MEMORANDUM**
FIEDERLEIN FAMILY LTD PARTNERSHIP, : **OPINION AND ORDER**
and BARBARA FIEDERLEIN, :
                Plaintiffs, : 11 CV 4092 (VB)
:
v. :
:
RAHFCO MANAGEMENT GROUP, LLC, :
RANDAL HANSEN, and TARA HANSEN- :
LEINEN, :
                Defendants. :
--------------------------------------------------------------x



USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2-1-16

Briccetti, J.:

    On June 16, 2011, plaintiffs, the alleged victims of a Ponzi scheme perpetrated by defendant Randal Hansen, commenced this action against Hansen and others allegedly involved in the scheme, asserting claims under federal securities laws and New York law. Nearly five years later, only one active defendant, Tara Hansen-Leinen, remains.[1] By Memorandum Decision dated August 9, 2012, the Court dismissed all of plaintiffs' claims against her except their claim under Section 10b of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and their claim for unjust enrichment. (Doc. #191).

    Before the Court is plaintiffs' motion for leave to file a second amended complaint. (Doc. #279). Plaintiffs seek to add factual allegations and claims against Hansen-Leinen, and remove dismissed defendants from the case caption.

---

[1] Two other defendants, Randal Hansen and Rahfco Management Group, LLC, also remain. But this action is stayed as against Hansen because he is currently in bankruptcy (Doc. #231), and on March 9, 2015, the Court entered a judgment as to liability against Rahfco Management Group, LLC, which is no longer represented by counsel. (Docs. ##237, 248).

1

For the following reasons, the motion is DENIED.

The Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1367.

Familiarity with the Court's prior opinions in this case (Docs. ##188 to 194) is presumed.

Federal Rule of Civil Procedure 15 provides that courts "should freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). Although leave to amend should be given freely, it should not be given automatically. A district court may deny leave to amend for "good reason," such as futility, bad faith, or undue prejudice to the opposing party. McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007). A proposed amendment is considered "especially prejudicial" when, at the time the motion for leave to amend is made, "discovery ha[s] already been completed and [the] non-movant ha[s] already filed a motion for summary judgment." Krumme v. Westpoint Stevens Inc., 143 F.3d 71, 88 (2d Cir. 1998) (alterations and internal quotation marks omitted).

Here, plaintiffs moved for leave to amend on October 7, 2015. Discovery had closed, after numerous extensions, over two weeks earlier on September 21, 2015. (Doc. #251). And, at a conference held that day, the Court set a briefing schedule for Hansen-Leinen's anticipated motion for summary judgment. (Doc. #266). Plaintiffs never raised the possibility of moving for leave to amend at the September 21, 2015, conference. Because this case "was near resolution and discovery had been completed" when plaintiffs filed the pending motion, granting leave to amend would be inappropriate. Krumme v. Westpoint Stevens Inc., 143 F.3d at 88; accord Phelan v. Campbell, 507 F. App'x 14, 16 n.1 (2d Cir. 2013) (summary order) (affirming denial of leave to amend when the "motion to amend the (amended) complaint came after

discovery had concluded"). This case is now almost five years old. It is time to resolve the case on the merits.[2]

Accordingly, the motion for leave to amend is DENIED insofar as plaintiffs seek to add factual allegations and claims against defendant Tara Hansen-Leinen. The operative complaint in this case remains the amended complaint dated August 31, 2011 (Doc. #62).

To the extent plaintiffs seek to amend the case caption to remove the defendants that have been dismissed from this case (see Docs. ##102, 188-89, 191-94, 227, 231, 285) and the allegations pertaining to those defendants, that request is denied as unnecessary. The dismissed defendants have already been terminated on the docket. To the extent allegations remain as to those defendants, those allegations are deemed to be stricken from the amended complaint. Going forward, the Court will use the case caption set forth in this Memorandum Opinion and Order.

Additionally, in an October 20, 2015, text order, the Court notified the parties it would "set another briefing schedule for defendant Tara Hansen-Leinen's motion for summary judgment after resolution of the pending motion for leave to amend the complaint." (Doc. #288). Accordingly, Hansen-Leinen's motion for summary judgment is due March 1, 2016. Plaintiffs' opposition is due March 31, 2016. Hansen-Leinen's reply is due April 14, 2016.

---

[2] It bears noting that, in litigating the merits of this case, plaintiffs are not precluded from relying on the recently produced documents "at the primary root of this motion." (Pls.' Br. at 9). This motion has put Hansen-Leinen on notice of the evidence on which plaintiffs will likely rely in this case. Plaintiffs need not amend their complaint to use that evidence.

The Clerk is instructed to terminate the motion. (Doc. #279).

Dated: February 1, 2016
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge