UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
STEVEN KRASNER, ALISON KRASNER,
MICHELE TELLONE a/k/a MIKE TELLONE,
TAMIE TELLONE, DAVID FIEDERLEIN,
Individually and as Trustee for the FIEDERLEIN
FAMILY LTD PARTNERSHIP, and BARBARA
FIEDERLEIN,

                                   Plaintiffs,

              -against-

RAHFCO FUNDS LP, et al.,

                                Defendants.
-------------------------------------------------------------------X

**REPORT AND
RECOMMENDATION**

11 Civ. 4092 (VB) (PED)

**TO THE HONORABLE VINCENT BRICCETTI, United States District Judge:**

## I. INTRODUCTION

Plaintiffs, the alleged victims of a Ponzi scheme, assert claims pursuant to federal

securities laws and New York law.  Plaintiffs allege that defendants, from approximately 2004

through 2011, engaged in a large-scale scheme involving the fraudulent offer and sale of

securities in multiple private hedge funds, including RAHFCO Funds LP, RAHFCO Select LP,

RAHFCO Growth Fund LP, RAHFCO Investment Funds LP, Gibralter Partners d/b/a Gibralter

Partners Inc. and Gibralter Funds d/b/a Gibralter Funds Inc. (collectively "the RAHFCO

investment vehicles").  Defendant RAHFCO Management Group, LLC ("RAHFCO") was the

general partner of the RAHFCO investment vehicles and, as such, selected and monitored

investments and collected monies from investors.  Defendant Randal Kent Hansen was

RAHFCO's co-founder and principal member.  On January 22, 2014 (approximately two years

and four months after the Amended Complaint was filed in the instant action), at the conclusion

of a jury trial in the District of South Dakota, Hansen was convicted of conspiracy, mail fraud and wire fraud.  He was sentenced to 108 months' imprisonment and ordered to pay more than $17 million in restitution.  See United States v. Hansen, 4:13-cr-40053-KES-1 (D.S.D.), Dkt. #77 (Amended Judgment).

On March 9, 2015, upon RAHFCO's consent, plaintiffs were granted judgment against RAHFCO on the issue of liability; the issue of damages against RAHFCO was deferred until the close of discovery.  Dkt. #248.  On September 21, 2015, Your Honor referred the matter to me for an inquest on damages as to RAHFCO only.  Dkt. #267.[1]  Having completed the inquest, for the reasons set forth below, I respectfully recommend that the Court enter judgment against RAHFCO–in favor of plaintiff David Fiederlein only–in the amount of $150,000.00.

## II.  THE INQUEST

On September 25, 2015, I issued a Scheduling Order directing plaintiffs to file Proposed Findings of Fact and Conclusions of Law by October 31, 2015.  Dkt. #268.  The Order stated that plaintiffs' inquest submissions must specify the exact dollar amounts of damages being sought, and should demonstrate how each plaintiff arrived at their proposed damages figure (supported by affidavits and/or documentary evidence).  Id.  RAHFCO was directed to file its response, if any, by November 30, 2015.  Id.  On October 29, 2015, by Memo Endorsed Order, I granted plaintiffs' application to extend their time to file inquest submissions to December 1, 2015.  Dkt. #291.

---

[1]  This action is related to another case brought by different plaintiffs alleging similar claims against many of the same defendants, including Hansen and RAHFCO.  See Rose v. Rahfco Management Group LLC, 13 Civ. 5804 (VB)(PED)(S.D.N.Y.).  The Rose plaintiffs were also granted judgment against RAHFCO on the issue of liability (upon RAHFCO's consent) and that matter has also been referred to me for an inquest on damages.  I address the Rose plaintiffs' inquest submissions in a separate, contemporaneous Report and Recommendation.

On December 1, 2015, plaintiffs filed their inquest submission. Dkt. #292.[2] Although their submission set forth the exact amount of damages sought by each plaintiff, those figures were not supported by affidavits. Instead, each plaintiff sought damages in an amount equal to either (1) the criminal restitution judgment entered against Hansen in favor of the particular plaintiff or (2) prospective, contingent Consent Judgments agreed to by Hansen in conjunction with his bankruptcy proceeding. Id. at 1-5.[3] According to plaintiffs:

> In Hansen's Bankruptcy case and criminal case, Hansen was found liable in the amounts set forth within Bankruptcy Order dated November 20, 2015 and Criminal Restitution Judgment dated June 10, 2014. The Bankruptcy Order and Criminal Restitution Judgment are enforceable against Hansen in the instant actions. Given Hansen is an employee, officer, agent, and an owner of the company-defendants, the company defendant is therefore vicariously liable for the listed amounts.

Id. at 5-6.

On April 22, 2016, for the purpose of clarifying plaintiffs' proof of damages as to RAHFCO, I issued an Order scheduling an inquest hearing on the issue of damages for May 18, 2016. Dkt. #298. On May 6, 2016, by Memo Endorsed Order, I granted plaintiffs' request for

---

[2]  RAHFCO did not file an opposition.

[3]  Hansen filed for Chapter 11 bankruptcy in May 2014. All of the plaintiffs in the instant action filed adversary proceedings in Hansen's bankruptcy action. On November 20, 2015, the United States Bankruptcy Court for the District of South Dakota entered the following Order in each of their adversarial cases:

> IT IS HEREBY ORDERED this matter is again held in abeyance pending a final resolution of all Debtor-Defendant's remedies regarding the criminal action and the parallel SEC action against him, with the understanding if Debtor-Defendant fails to prevail in those actions, Debtor-Defendant *consents to the entry of a nondischargeable judgment against him in the amount set forth in Plaintiff's complaint.*

See Dkt. #292-3, at 2 (Mike Tellone and Tamie Tellone); #292-4, at 2 (Steven Krasner and Alison Krasner); #292-8, at 2 (David Fiederlein and Barbara Fiederlein); #292-9, at 2 (Fiederlein Family Limited Partnership)(emphasis added).

an adjournment and rescheduled the hearing for June 8, 2016.  Dkt. #300.

On June 7, 2016, plaintiffs filed a Supplemental Memorandum of Law in which they elaborated upon their theory that "RAHFCO is liable as a matter of law for [Hansen's] misconduct based upon the theory of vicarious liability and respondeat superior."[4]  Plaintiffs' counsel appeared at the hearing on June 8, 2016; RAHFCO did not appear.  During the hearing, plaintiffs' counsel affirmed that Hansen's criminal appeals have been exhausted but the contingent bankruptcy judgments have not yet been entered.  Plaintiffs' counsel proffered the transcript of Hansen's criminal trial testimony as evidence that he and RAHFCO were essentially one and the same, and that RAHFCO served as the conduit through which Hansen effectuated his fraudulent scheme.  Thus, plaintiffs argued, Hansen and RAHFCO benefitted equally from Hansen's fraudulent conduct.  Accordingly, despite plaintiffs' misplaced focus on RAHFCO's *liability* rather than proof of damages attributable to RAHFCO, I deduced that plaintiffs were attempting to establish the amounts they were fraudulently induced to invest in RAHFCO by cross-referencing the criminal monetary penalties assessed against Hansen and/or the prospective, contingent Consent Judgments entered into by Hansen in conjunction with his bankruptcy proceeding.

On June 24, 2016, I issued an Order which stated, in part:

> The criminal restitution penalties imposed against Hansen (in favor of some of the plaintiffs here) are the result of a determination by a federal judge based upon consideration of evidence presented by the prosecution, who had the burden to demonstrate, by a preponderance of the evidence, the amount of the loss sustained by each victim as a result of Hansen's criminal offense(s).  See 18

---

[4] Plaintiffs' Supplemental Memorandum of Law bears the docket numbers of both the instant case (11 Civ. 4092) and the *Rose* case (13 Civ. 5804), but was docketed only in the *Rose* case.  See 13 Civ. 5804, Dkt. #106.  Despite this oversight, the submission was clearly intended for both cases.  The passage quoted above may be found at 13 Civ. 5804, Dkt. #106, at 6.

U.S.C. § 3664.  In the Court's preliminary view, the criminal restitution judgments constitute sufficient proof of actual losses sustained by some of the plaintiffs in this case.

. . .

Whether or not the anticipated [bankruptcy] judgments are entered against Hansen, however, [plaintiffs] may not rely on them to establish their losses in this inquest proceeding.  Hansen's contingent consent to such judgments–quite possible given for tactical reasons–does not establish these [p]laintiffs' losses in any reliable way.  Moreover, the underlying bankruptcy complaints, which are not under oath, represent nothing more than allegations leveled by plaintiffs' attorney, and there is no indication that the attorney has any personal knowledge of the facts.

Accordingly, the Court will allow the Bankruptcy Plaintiffs [the plaintiffs who filed adversary proceedings related to Hansen's Chapter 11 bankruptcy action] ten (10) days from the date of this Order to submit affidavits and/or other documentary evidence establishing the amount of their actual losses due to Rahfco's conduct.  Defendant may submit an opposition (limited to this supplemental evidence) within ten (10) days thereafter.

Dkt. #301.

On June 28, 2016, by Memo Endorsed Order, I granted plaintiffs' request to extend their time to file the affidavits to July 27, 2016.  Dkt. #303.  By letter dated July 27, 2016 (Dkt. #305), plaintiffs requested a second extension of time; on July 28, 2016, by Memo Endorsed Order (Dkt. #306), I extended plaintiffs' time to file the affidavits to August 25, 2016.  On August 25, 2016, three of the plaintiffs filed "Affidavits of Loss."  Dkt. #309 (cover letter); #309-1 (David Fiederlein);[5] #309-5 (Michele Tellone); #309-14 (Steven Krasner).

### III. DISCUSSION

A. <u>Measure of Damages</u>

Because RAHFCO has conceded liability, plaintiffs are entitled to damages on their claims against RAHFCO for securities fraud, conversion, unjust enrichment, breach of fiduciary

---

[5] Individually and as Trustee of Fiederlein Family Limited Partnership.  Dkt. #309-1, at 1.

duty and negligence.  Plaintiffs seek the same recovery under each of these causes of action:
return of the monies that they were fraudulently induced to invest in the RAHFCO investment
vehicles.[6]  "A plaintiff seeking compensation for the same injury under different legal theories is
of course only entitled to one recovery."  Indu Craft, Inc. v. Bank of Baroda, 47 F.3d 490, 497
(2d Cir. 1995).

Securities fraud damages are typically calculated based upon actual out-of-pocket losses,
pursuant to which "a defrauded buyer of securities is entitled to recover only the excess of what
he paid over the value of what he got."  Acticon AG v. China N. E. Petroleum Holdings Ltd.,
692 F.3d 34, 38 (2d Cir. 2012) (quoting Levine v. Seilon, 439 F.2d 328, 334 (2d Cir.1971)).
"The purpose of the out-of-pocket measure of relief is to restore the plaintiff to the position he
was in before the fraud."  CAMOFI Master LDC v. Riptide Worldwide, Inc., No. 10 Civ. 4020,
2012 WL 6766767, at *13 (S.D.N.Y. Dec. 17, 2012).  Thus, the issue in this inquest proceeding
is whether plaintiffs have provided a sufficient basis for the court to reasonably ascertain their
out-of-pocket losses.

B.  Plaintiffs' Proof of Damages

1. Affidavits

In response to the court's June 24, 2016 Order (Dkt. #301), plaintiffs David Fiederlein
(individually and as Trustee of Fiederlein Family Limited Partnership), Michele Tellone and
Steven Krasner each submitted a sworn affidavit which purportedly substantiates the amount of

---

[6] Plaintiffs' inquest submissions do not address their claims under New York law for an
accounting and imposition of a constructive trust.  Accordingly, it appears plaintiffs have
abandoned their claims for equitable relief.

their actual losses due to RAHFCO's conduct.[7]  Each affidavit contained only the following averments: (1) the affirming plaintiff (and their spouse) invested in RAHFCO through Hansen; (2) Hansen assured them that their investment was secure because most of it would be in government securities; and (3) they were "damaged" in a particular amount (set forth in each affidavit).  Dkt. #309-1 (Fiederlein); #309-5 (Tellone); #309-14 (Krasner).  Notably, the affidavits are devoid of specific factual recitations regarding the dates, amounts and form of plaintiffs' payments to the Rahfco investment vehicles.  Moreover, plaintiffs' affidavits do not specify the basis or measure of damages sought; although each plaintiff avers that they were "damaged" in a particular amount, these averments provide no basis for the court to infer–without speculation–that the claimed amount equates to out-of-pocket losses (or that it does not include, for instance, damages sought for emotional harm).  Plaintiffs have not provided copies of checks or proof of transfers of money from their personal accounts to the Rahfco investment vehicles.  However, attached as an exhibit to each affidavit is either (or both): (1) a copy of the "Proof of Claim" submitted by that plaintiff in Hansen's bankruptcy action[8] and/or (2) a copy of the Amended Judgment in Hansen's criminal case, reflecting restitution payments to certain of the plaintiffs in the instant case.  Id.  Absent these attachments, the affidavits amount to conclusory, unsubstantiated assertions regarding the amount of "damages" claimed by each plaintiff.  In other words, the affidavits do not provide a basis for the court to reasonably

_____

[7] Each affiant seeks damages on behalf of himself and his respective spouse–plaintiffs Barbara Fiederlein, Tamie Tellone and Alison Krasner.  Dkt. #309-1 (Fiederlein); #309-5 (Tellone); #309-14 (Krasner).  David Fiederlein, as Trustee, also seeks damages on behalf of plaintiff Fiederlein Family Limited Partnership.  Dkt. #309-1.

[8] David and Barbara Fiederlein submitted a joint Proof of Claim, as did Mike and Tamie Tellone, and Steven and Alison Krasner.  Dkt. #309-1, at 4 (Fiederlein); #309-5, at 4 (Tellone); #309-14, at 4 (Krasner).

ascertain plaintiffs' out-of-pocket losses, except (perhaps) to the extent that they incorporate the proofs of claim filed by each plaintiff in Hansen's bankruptcy action and/or the criminal restitution judgments entered against Hansen in favor of a particular plaintiff.

   2. *Bankruptcy Proofs of Claim*

   Attached as "Exhibit A" to the affidavits of plaintiffs David Fiederlein, Michele Tellone and Steven Krasner are copies of a Proof of Claim filed by each of them (jointly with their respective spouses–plaintiffs Barbara Fiederlein, Tamie Tellone and Alison Krasner) in Hansen's Chapter 11 bankruptcy proceeding. Dkt. #309-1, at 4-6 (Fiederlein); #309-5, at 4-6 (Tellone); #309-14, at 4-6 (Krasner). Attached to David Fiederlein's affidavit (as "Exhibit B") is a copy of the Proof of Claim filed by Fiederlein Family Limited Partnership in Hansen's bankruptcy action. Dkt. #309-1, at 22-24. Each Proof of Claim consists of a simple, standardized form, signed by plaintiffs' counsel in the instant action, setting forth an amount claimed by the particular plaintiff(s) (as a creditor or creditors of Hansen's) and the basis for that amount. Plaintiffs David and Barbara Fiederlein listed the basis of their claim as "Amended Judgment in Criminal Case (restitution) and Claim in pending civil action (Docket No. 7:11-cv-04092)." Dkt. #309-1, at 4. Similarly, plaintiffs Steven and Alison Krasner listed the basis of their claim as "Amended Judgment in Criminal Case (restitution) and Claim in pending civil action (Docket No. 7:11-cv-04092)." Dkt. #309-1, at 4. However, neither of them were awarded criminal restitution; indeed, their adversarial bankruptcy complaint stated "Plaintiffs were not awarded restitution in the criminal case." Dkt. #292-4, at 4; #309-14, at 12-14.[9]

_____

   [9] Thus, plaintiff Steven Krasner, who resides in Aiken, South Carolina, is not the "Steven Krasner, Briarcliff Manor, NY" who was awarded criminal restitution. Dkt. #309-14, at 4, 14.

-8-

Likewise, plaintiffs Michele Tellone and Tamie Tellone were not awarded restitution in Hansen's criminal action. Dkt. #292-3, at 3. Accordingly, as the basis for their joint Proof of Claim in Hansen's bankruptcy proceeding, Michele and Tamie Tellone referred only to the claims pending in the instant action. Dkt. #309-5, at 4.

Clearly, the bankruptcy proofs of claim do not provide independent proof of the amount of plaintiffs' out-of-pocket losses. They merely incorporate the criminal restitution awards and/or refer (circuitously) to the claims pending in the instant action. Thus, plaintiffs may not rely on the bankruptcy proofs of claim to establish their losses in this inquest proceeding.[10] Plaintiffs Steven Krasner, Alison Krasner, Michele Tellone, Tamie Tellone, Barbara Fiederlein and Fiederlein Family Limited Partnership (David Fiederlein, Trustee) proffer no other evidence to substantiate the amount of their actual out-of-pocket losses, despite the fact that the court provided ample notice and opportunity to do so. Accordingly, I conclude, and respectfully recommend, that Your Honor deny the applications of plaintiffs Steven Krasner, Alison Krasner, Michele Tellone, Tamie Tellone, Barbara Fiederlein and Fiederlein Family Limited Partnership (David Fiederlein, Trustee) for an award of damages.

3. *Criminal Restitution Awards*

In conjunction with Hansen's criminal conviction and sentence, he was ordered to pay more than $17 million in restitution pursuant to § 3664 of the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. §§ 3663A-3664. See Dkt. #292-1 (Amended Judgment in a Criminal

---

[10] Additionally, I adhere to my previous determination that the prospective, contingent Consent Judgments obtained by plaintiffs (as a result of their adversarial actions in Hansen's bankruptcy proceeding) do not constitute sufficient proof of plaintiffs' actual losses. See Dkt. #301.

Case).  The restitution order included a payment to plaintiff David Fiederlein[11] in the amount of $150,000.00.  Id., at 7-9.

     Section 3664 of the MVRA sets forth the procedure for issuance of orders of restitution.  18 U.S.C. § 3664.  "For orders of restitution under this title, the court shall order the probation officer to obtain and include in its presentence report, or in a separate report, as the court may direct, information sufficient for the court to exercise its discretion in fashioning a restitution order."  Id. § 3664(a).  "Because the purpose of restitution is essentially compensatory, and because the MVRA itself limits restitution to 'the full amount of each victim's loss,' 18 U.S.C. § 3664(f)(1)(A), a restitution order must be tied to the victim's actual, provable, loss."  United States v. Zangari, 677 F.3d 86, 91 (2d Cir. 2012) (internal quotation marks and citations omitted).  "The Government bears the burden of proving a victim's actual loss by a preponderance of the evidence."  Id. at 92 (citing 18 U.S.C. § 3664(e)).

     In sum, the criminal restitution orders reflect a reasoned determination by a federal court of the full amount of each victim's actual loss that was proven by a preponderance of the evidence.  Thus, the criminal restitution judgment in favor of plaintiff David Fiederlein constitutes a reasonable measure of the amount of his actual, out-of-pocket losses and, accordingly, provides sufficient proof of the amount of damages to which he is entitled in this inquest proceeding.

---

[11] The Amended Judgment lists the name as "David Federline, Caramel, NY."  Dkt. #292-1, at 9.  I assume this is a typographical error:  plaintiff David Fiederlein indeed resides in Carmel, New York.  Dkt. #309-1, at 4.  Additionally, plaintiffs David and Barbara Fiederlein acknowledged the criminal restitution award in their adversarial bankruptcy complaint.  Dkt. #292-8, at 3.

## IV.  CONCLUSION

For the foregoing reasons, I respectfully recommend that damages be awarded against defendant RAHFCO–in favor of plaintiff David Fiederlein (individually) only–in the amount of **$150,000.00**.

I recommend that Your Honor deny the applications of plaintiffs Steven Krasner, Alison Krasner, Michele Tellone, Tamie Tellone, Barbara Fiederlein and Fiederlein Family Limited Partnership (David Fiederlein, Trustee) for an award of damages.


Dated:   December 20, 2016                        Respectfully Submitted,
         White Plains, New York

                                                  PAUL E. DAVISON, U.S.M.J.

### NOTICE

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to serve and file written objections.  See also Fed. R. Civ. P. 6(a), (b), (d). Such objections, if any, along with any responses to the objections, shall be filed with the Clerk of the Court with extra copies delivered to the chambers of the Honorable Vincent Briccetti, at the Honorable Charles L. Brieant, Jr. Federal Building and United States Courthouse, 300 Quarropas Street, White Plains, New York 10601 and to the chambers of the undersigned at the same address.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered.

Requests for extensions of time to file objections must be made to Judge Briccetti.